■ YANKEE LAKE COMPANY, INC., Respondent, v YANKEE LAKE ASSOCIATION, INC., Appellant.—Casey, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered July 2, 1987 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 2, 1987 in

Sullivan County, which partially granted plaintiff's motion for partial summary judgment.

In this action, plaintiff seeks damages and an injunction based upon allegations of defendant's intentional interference with plaintiff's contractual relationship with various property owners in the vicinity of Yankee Lake in Sullivan County. Plaintiff alleges that it owns Yankee Lake, including all of the land under the lake, and has the exclusive right to permit others to use the lake. Prior to 1984, defendant entered into a yearly lease with plaintiff for the rental of Yankee Lake, which was then used by defendant's members, who are property owners in the vicinity of Yankee Lake whose deeds provide for their right of access to the lake and/or other specified rights to its use.* Beginning in 1984, defendant refused to enter into a new lease, and advised its members to continue using the lake without paying any fee to plaintiff. Plaintiff thereafter instituted this action for monetary and injunctive relief.

There are two orders on appeal: one which denied defendant's motion for summary judgment dismissing the complaint based upon plaintiff's alleged failure to comply with prior orders relating to disclosure; and one which granted plaintiff partial summary judgment on the issue of plaintiff's ownership of Yankee Lake. The first order falls within Supreme Court's discretionary power to supervise disclosure (CPLR 3126), and since we find no abuse of discretion, the order should be affirmed.

As to the second order, we conclude that plaintiff failed to carry its burden of establishing its entitlement to partial summary judgment declaring plaintiff to be the owner of Yankee Lake and all of the lands located under the lake. In particular, plaintiff has not submitted any deeds or other documents establishing either the nature or the derivation of plaintiff's interest in the property. Plaintiff claims the right to exclude defendant's members from using the lake and/or the right to compel the payment of a fee for that use. Defendant, on the other hand, contends that its members have the right to use the lake based upon the express language in their deeds. It is clear, therefore, that this dispute can be resolved only by an examination of plaintiff's chain of title and that of defendant's members. In the absence of any proof on this issue, neither party is entitled to declaratory relief. Supreme

---

* Before defendant was incorporated in 1948, plaintiff apparently collected fees directly from the property owners.

Court correctly observed that the "larger issue" to be resolved in this dispute concerns the rights, if any, of defendant's members to use Yankee Lake pursuant to the grants contained in their respective deeds, which requires an examination of plaintiff's rights, if any, to exclude those members from the lake or to exact a fee for their use of the lake. Until the parties have presented proof relevant to this issue, we are of the view that any declaration as to plaintiff's status as the "owner" of Yankee Lake is premature.

Order denying defendant's motion for summary judgment affirmed, without costs.

Order partially granting plaintiff's motion for partial summary judgment modified, on the law, without costs, by deleting the first decretal paragraph therefrom, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.